IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER GASCH and TAMMY GASCH, as next friend to ZACHARY GASCH, a minor,<br>*Plaintiffs*<br>v.<br><br>HARTFORD ACCIDENT & INDEMNITY COMPANY and KAREN FRAZIER<br>*Defendants* | } } } } } } } } } } } | CIVIL ACTION NO. H-05-1346 |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendants Hartford Accident & Indemnity Company and Karen Frazier's motion for summary judgment (Instrument No. 16) and motion to strike (Instrument No. 25). For the following reasons, the court **ORDERS** that both motions (Instruments No. 16 & 25) are **GRANTED**.

**I. RELEVANT FACTS.**

This case concerns a claim for workers' compensation death benefits filed on behalf of Jennifer and Zachary Gasch ("the Gasch family") as the beneficiaries of a policy covering Linnie Gasch ("Gasch"). That policy was issued by Hartford Accident & Indemnity Company ("Hartford"), Gasch's employer's workers' compensation insurance carrier. Karen Frazier ("Frazier") was an insurance adjuster at Hartford.

Gasch died in 2003. Although it cannot be said exactly what caused Gasch's death, two doctors who independently reviewed his medical records in 2005 agreed that it was a pulmonary embolism. Until 2005, however, Gasch was believed to have died from an acute myocardial infarction, the cause of death listed on his death certificate. *See* Death Certificate (Instrument No 16, Ex. D). At the time of his death, the Gasch family requested that no autopsy be performed.

Prior to his death, Gasch received disability and medical benefits from Hartford according to the provisions of the Workers' Compensation Act, Tex. Lab. Code Ann. § 401 *et. seq.* (Vernon 2006). These benefits arose from a 1999 work site injury that rendered Gasch a paraplegic.

After Gasch's death, the Gasch family filed a claim for death benefits with Hartford. Karen Frazier was assigned to adjust the claim. The Workers' Compensation Act provides that "[A]n insurance carrier shall pay death benefits to the legal beneficiary if a compensable injury to the employee results in death." Tex. Lab. Code Ann. § 408.181. A heart attack, or myocardial infarction, is a compensable injury only if

> (1) that attack can be identified as: (A) occurring at a definite time and place; and (B) caused by a specific event occurring in the course and scope of the employee's employment;
>
> (2) the preponderance of the medical evidence regarding the attack indicates that the employee's work rather than the natural progression of a preexisting heart condition or disease was a substantial contributing factor of the attack; and
>
> (3) the attack was not triggered solely by emotional or mental stress factors, unless it was precipitated by a sudden stimulus.

Tex. Lab. Code Ann. § 408.008. Frazier reviewed the medical records in the case, including the death certificate, and held roundtable discussion with other Hartford employees. After the roundtable discussion, Hartford issued its notice of refused/disputed claim. *See* Notice of Refused Claim (Instrument No. 16, Ex. E). The notice provides that Hartford disputes the Gasch family's request for death benefits because (1) Hartford believes Gasch's death was due to an ordinary disease of life, (2) there is no medical evidence indicating that Gasch's death was a result of the paraplegia, and (3) there is no casual relationship between the death and the injury. *Id.*

During this same period Hartford had Gasch's file reviewed by an in house nurse practitioner. The practitioner's report confirmed that it was unlikely for a myocardial infarction to

result from paraplegia.[1]  *See* Memorandum of Phyllis Cantania R.N. (Instrument No. 16, Ex. F).

On 11 January 2005, a benefit review conference was held before a Texas Workers' Compensation Commission benefit review officer.  *See* Benefit Review Conference Report (Instrument No. 16, Ex. G).  The Gasch family presented the testimony of Dr. Michael Moffit, Gasch's attending physician, who testified that Gasch's paraplegia had caused him to suffer his fatal heart attack.  *Id.*  Hartford argued that "although the death certificate indicates that the paralysis contributed to the death, the claimant has not met the requirements of Texas Labor Code § 408.008."  Ten days after the conference, the benefit review officer issued his recommendation.  It provided as follows:

> Based on the information available, the claimant has not met her burden to establish that the employee's death was a result of the compensable injury sustained on 04/14/99.  In this case, the issue is not whether the decedent sustained a work-related heart attack, traceable to a specific event, but instead it is whether the employee's death resulted from the compensable injury.  The Appeals Panel has held that the claimant beneficiary is not held to the standard of proof contained in Section 408.008 wherein the employee sustained a compensable injury, later dies, and it is claimed that the compensable injury was a producing cause of the death. (AP 040757).  However, in this case the medical documentation provided appears insufficient to establish the causal connection between the compensable injury and the heart attack that resulted in the employee's death.

*Id.*

On 25 January 2005, three days after the benefit review officer issued his recommendation, the Gasch family filed suit in the 113th Judicial District Court of Harris County, Texas.  Around this time, both parties sent Gasch's medical records to be peer reviewed, and it was discovered that Gasch probably died from a pulmonary embolism.  In light of this new information, Hartford accepted the Gasch family's claim for death benefits.  *See* Benefit Dispute Agreement

---

[1] A contemporaneous email states that the nurse practitioner believed a pulmonary embolism could be consistent with the medical evidence in the case, but had discounted the possibility based on the treating physician's determination that an acute myocardial infarction caused Gasch's death. *See* email from Kimberly D'Amato to Karen Frazier (Instrument No. 23, Appendix B).

(Instrument No. 16, Ex. J).  Despite Hartford's agreement to pay the claim, the Gasch family has persisted in this suit claiming that Hartford and its employee Karen Frazier violated the common law duty of good-faith and fair dealing, the Texas Deceptive Trade Practices Act, and the Texas Insurance Code by denying the Gasch family's death benefits claim when Hartford's liability was reasonably clear, or, alternatively, for failing to reasonably investigate their claim.

## II. ANALYSIS.

### A.  Defendants' Motion to Strike

Defendants have moved under rules 104(a), 403, and 702 to exclude the opinion testimony and expert report of Plaintiffs' expert, Peter Rogers ("Rogers").  Rogers, an attorney with four years experience as a hearing officer for the TWCC, will, if allowed, offer the following opinion:

> Based on my review of the documents and my knowledge of the industry standards for conducting  investigations, it is my opinion that the defendants breached their duty of good faith and fair dealing by not conducting an adequate investigation until February 2005, by denying benefits using the wrong legal standard, by failing to promptly tender death benefits when there was no legitimate dispute, and by failing to act in a reasonable and prudent manner in the processing of the claim for death benefits.

After reviewing Rogers's curriculum vitae and the substance of his report, the court has concluded that his testimony on the nature and quality of the investigation conducted by Hartford and whether it constituted a breach of the duty of good faith and fair dealing is inadmissible.  Rogers's opinion would not be helpful to the jury under rule 702, and carries with it a likelihood of confusion that substantially outweighs any probative value it may have.

Federal Rule of Evidence 704 abolishes the common law rule against testimony on ultimate issues; however, the court retains the power to exclude evidence based rules 702 and 403, if that evidence merely tells the jury what result to reach.  *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 595 (U.S. 1993) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible

4

prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.") (internal citations omitted); *see also Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (excluding expert opinion of hostage negotiator that Sheriff's actions during hostage situation demonstrated a lack of concern constituting deliberate indifference or conscious disregard.); Fed. R. Evid. 704 Advisory Committee Note; 4 Jack B. Weinstein and Margaret A Berger, Weinstein's Evidence § 702.03[3]. The Fifth Circuit has advised its district courts that if an expert's statement offers no more than what a lawyer could offer in argument, it should be excluded. *In re Air Crash Disaster at New Orleans*, 795 F.2d 1230, 1233 (5thCir. 1986). Here, Rogers offers no more than what Plaintiffs' attorney could. Therefore Defendants' motion to strike is granted.

**B. Defendants' Motion for Summary Judgment**

1. Governing Legal Standard

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest

on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. Id. at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's

opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

   2. <u>Application of Standard to the Facts of this Case</u>

   Defendants's motion raises three issues: (1) whether Plaintiffs have standing to bring this case under the Insurance Code and the DTPA; (2) whether Karen Frazier is a proper defendant; and (3) whether Plaintiffs have submitted sufficient evidence to survive summary judgement. The court will address each argument in order.

   Plaintiffs have standing under the Insurance Code. The Insurance Code allows a "person" to bring an action to recover actual damages from another person for violations of the code. *See* Tex Ins. Code Ann. art. 21.21 § 16(a); now Tex Ins. Code § 541.151. Under Texas law, the definition of person extends to one who is an insured or a beneficiary of a insurance policy. *Palma v. Verex Assurance Inc.*, 79 F.3d 1453, 1457 (5th Cir. 1996); *see also Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 731-32 (Tex. App.– Houston [14th Dist.] 1987)(citing *Aetna Casualty & Surety Co. v. Marshall*, 724 S.W.2d 770 (Tex. 1987) (affirming jury verdict in art. 21.21 case brought by an injured worker against worker's compensation carrier)). In this case, by virtue of the Texas Labor Code § 408.181, Plaintiffs are the statutory beneficiaries of an agreement between the employee, his employer, and the employer's insurance carrier. *See Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 212 (Tex. 1988) (constitutionality of workers' compensation law rests on its contractual nature as a three party agreement).

   Plaintiffs also have standing under the DTPA, which creates a right in a "consumer" to sue under the act. A "consumer" is "an individual . . . who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Comm. Code § 17.45(4). The Texas Supreme Court has explicitly held that privity is not required to show consumer status under the DTPA. *Kennedy v. Sale*, 689 S.W.2d 890, 892-93 (Tex. 1985) (quoting *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983)). In this case, Plaintiffs acquired their

workers' compensation benefits by virtue of Gasch's employer's purchase of those benefits. They therefore enjoy consumer standing under the DTPA.

Karen Frazier is a proper Defendant in this case. In *Liberty Mutual Ins. Co. and Robert Garrett v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998), the Court held that insurance company employees can be liable for violations of Article 21.21 if they are engaged in the business of insurance. *Id.* at 486. The business of insurance includes selling and servicing insurance policies. *Id.* As a claims adjuster Frazier serviced insurance policies, and is therefore a proper party to this suit.

In order to prevail on their claims, Plaintiffs must show that Hartford's liability was reasonably clear, or that it failed to reasonably investigate. *Universe Life Ins. Co. et al v. Giles*, 950 S.W.2d 48, 56 (1997). Plaintiffs have not succeed in raising a material issue of fact as to either proposition.

A jury could not conclude from the summary judgment evidence that Hartford's liability was reasonably clear when it disputed the Gasch Family's claim for death benefits. Although a consensus emerged that Gasch's death was caused by a pulmonary embolism, the only evidence available to Hartford when it disputed the claim indicated that Gasch had died from a myocardial infarction.

Plaintiffs have also failed to produce evidence showing that Defendants investigation was less than reasonable. Rather, the evidence indicates that Hartford took various steps to insure it was making the correct decision in light of the information provided to it. Most failure to investigate cases concern investigations which were undertaken with the ulterior motive of producing evidence used to deny an insured's claim. *See e.g. State Farm Lloyds v. Nicolau*, 951 S.W.2d 444 (Tex. 1997) (affirming verdict in favor of insured where insurer's expert reports were not objectively prepared.). In this case, Plaintiffs themselves provided the faulty information on which Defendants relied.

**III. CONCLUSION**

For the aforementioned reasons, the court **ORDERS** that Defendants' motions to strike and for summary judgment (Instruments No. 16 & 25) are **GRANTED**.

SIGNED at Houston, Texas, this 5th day of May, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE